UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------

DWAIN ERIC COLEMAN,

                Plaintiff,        10 Civ. 8766 (JGK)

    - against -             MEMORANDUM OPINION AND
                                                  ORDER
DE JESUS DUMENG, et al.,

                Defendants.
------------------------------------

JOHN G. KOELTL, District Judge:

     The plaintiff, Dwain Eric Coleman, a prisoner incarcerated at Cape Vincent Correctional Facility, brought this action pro se against Jesus Dumeng, Christopher Wrobleski, and William Hogan under 42 U.S.C. § 1983. The defendants move to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I.

     In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the Complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir.

1985).  The Court should not dismiss the Complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

When faced with a pro se Complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests."  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (brackets and internal quotation marks omitted).  "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (internal quotation marks omitted); see also Benavides v. Grier, No. 09 Civ. 8600, 2011 WL 43521, at *1 (S.D.N.Y. Jan. 6, 2011).

**II.**

The following allegations are assumed to be true for the purposes of this motion.

On September 13, 2003, the plaintiff was released from prison on parole, after having served approximately thirteen years of an indeterminate sentence of ten to twenty years imprisonment for first degree robbery.  (Amended Complaint ("Am.

2

Compl.") ¶ 7.)  On May 26, 2006, the plaintiff was arrested by parole officers Dumeng and Wrobleski, as well as his regular parole officer, for possession of a controlled substance.  (Am. Compl. ¶¶ 9-10.)  When the plaintiff was taken into custody on May 26, he was ten minutes past his curfew. (Am. Compl. ¶ 8.)  Defendant Wrobleski asked police officers to make the arrest because he did not have the time to do so.  (Am. Compl. ¶ 10.)

On June 3, 2006, the plaintiff's parole officer, Ivy Todman, informed the plaintiff by telephone that defendant Wrobleski had ordered her to violate the plaintiff for possessing a controlled substance and failing to comply with the curfew condition of his parole.  The plaintiff was taken into custody on these violations when he reported for a visit to his parole officer in June 2006.  (Am. Compl. ¶ 11.)  The plaintiff's girlfriend, Michele White, attempted to secure the plaintiff's release by contacting people in the parole office and explaining that the plaintiff had not been in possession of cocaine.  At one point, Ms. White spoke with defendant Wrobleski, who stated that he would arrange to have the plaintiff released at his next parole revocation hearing if the plaintiff pleaded guilty to the cocaine possession violation.  On July 21, 2006, the plaintiff pleaded guilty to this parole violation and was released.  (Am. Compl. ¶ 12.)

3

On July 24, 2006, the plaintiff reported to his new parole officer, defendant Dumeng, who ordered the plaintiff to enroll in a substance abuse treatment program. (Am. Compl. ¶ 13.) On December 29, 2006, defendant Dumeng stated that the plaintiff was not meeting his parole conditions, at which point the plaintiff stated that he would not plead guilty to a criminal charge of possession of a controlled substance. (Am. Compl. ¶ 14.)

In the weeks following the December 29 meeting between the plaintiff and defendant Dumeng, defendant Dumeng twice informed the plaintiff that he had tested positive for cocaine. The plaintiff requested that defendant Dumeng show him the toxicology reports, but defendant Dumeng refused to do so. (Am. Compl. ¶¶ 15-16.) After the second incident, defendant Dumeng ordered the plaintiff to enter an inpatient drug rehabilitation program or else be ready to return to prison. (Am. Compl. ¶ 16.) The plaintiff attempted to enter an inpatient program, but encountered difficulties and ultimately was unable to do so. (Am. Compl. ¶ 18.) The plaintiff also objected to defendant Wrobleski, defendant Dumeng's supervisor, about the imposition of the new parole condition without a hearing, but defendant Wrobleski did not seek to hold a hearing. (Am. Compl. ¶ 17.)

On May 11, 2007, defendant Dumeng arrested the plaintiff at his home pursuant to a warrant signed by defendants Wrobleski

and Hogan.  The warrant charged the plaintiff with failing to report, changing his address, and failing to enter and complete an inpatient drug treatment program.  (Am. Compl. ¶ 19.)  As a result of the arrest, the plaintiff's parole was revoked.  (Am. Compl. ¶ 21.)

One November 12, 2010, the plaintiff filed this action pursuant to § 1983 alleging that he was wrongfully denied procedural due process by the imposition of the inpatient drug treatment program condition on his parole.  He further alleged that all three defendants conspired to violate his procedural due process right by depriving him of a hearing before imposing the substance abuse treatment condition of his parole.

### III.

Section 1983 provides a cause of action to those who challenge a state's "deprivation of any rights . . . secured by the Constitution."  42 U.S.C. § 1983.  The plaintiff claims that the defendants, in denying him a hearing before imposing an inpatient drug rehabilitation program as a condition of his parole, has deprived him of protections guaranteed by the First, Fifth, Eighth, and Fourteenth Amendments.

The defendants argue that the Amended Complaint should be dismissed in its entirety as time-barred.  In New York, the statute of limitations for actions alleging a violation of § 1983 is three years.  Patterson v. Cnty. of Oneida, N.Y., 375

F.3d 206, 225 (2d Cir. 2004).  The alleged actions that form the basis of the plaintiff's Amended Complaint occurred on or before May 11, 2007, which is more than three years before the plaintiff filed this action in November 2010.

When it is clear from the face of the Complaint that an action is time-barred, the Complaint can be dismissed on a motion pursuant to Rule 12(b)(6).  See, e.g., Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989).

The plaintiff argues that the three year statute of limitations has been tolled by the Prison Litigation Reform Act (the "PLRA"), 42 U.S.C. § 1997e.  The plaintiff relies on Gonzalez v. Hasty, 651 F.3d 318 (2d Cir. 2011), in which the Court of Appeals for the Second Circuit held that the statute of limitations applicable to a claim subject to the PLRA is equitably tolled during the time period that a prisoner is exhausting his administrative remedies.  See Gonzalez, 651 F.3d at 322-24.

Unlike in Gonzalez, the PLRA does not apply in this case because the plaintiff does not complain about a prison condition.  See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted.") (emphasis added).  Instead, the plaintiff objects to a parole condition that required him to enter into an

6

inpatient drug rehabilitation program.[1]  This condition was allegedly imposed on the plaintiff while he was not imprisoned, and indeed the eventual violation of that condition was allegedly the cause for the plaintiff's reimprisonment.  Unlike claims that fall within the PLRA, there is no general requirement that a plaintiff exhaust administrative remedies before filing an action under § 1983.  See Porter v. Nussle, 534 U.S. 516, 523 (2002) ("Ordinarily, plaintiffs pursuing civil rights claims under 42 U.S.C. § 1983 need not exhaust administrative remedies before filing suit in court."); Rivera-Powell v. N.Y.C. Bd. of Elections, 470 F.3d 458, 468 n.12 (2d Cir. 2006) ("The general rule is that § 1983 claims . . . do not require exhaustion of state remedies.").  Because § 1983 does not require exhaustion, the statute of limitations was not tolled and the Complaint must be dismissed as time barred.

## CONCLUSION

It is unnecessary to reach the other grounds asserted by the defendants for dismissal.  For the reasons explained above, the defendants' motion to dismiss the plaintiff's Amended Complaint is **granted**.  The Clerk of the Court is directed to

---

[1] The defendants allege that the plaintiff unsuccessfully challenged his parole revocation in an Article 78 proceeding in state court.  The defendants allege that the Article 78 determination would be a bar to any challenge to the parole revocation itself.  It is unnecessary to reach that issue because the Amended Complaint plainly challenges the alleged constitutional violation that occurred when the defendants imposed the substance abuse treatment condition on his parole.

7

enter judgment dismissing the Amended Complaint and closing this case. The Clerk is also directed to close any open motions.

Dated:   New York, New York
         February 13, 2012

_____
John G. Koeltl
United States District Judge